**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FIDELITY AND GUARANTY INSURANCE COMPANY, et al.,** | 1:14-CV-826-LJO-GSA |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (DOC. 7)** |
| v. | |
| **CENTEX HOMES, et al.,** | |
| **Defendants.** | |

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Kern County Superior Court. On February 18, 2014, Plaintiffs brought suit in this Court against Defendants based on the undisputed diversity of citizenship between the parties.

Defendant Centex Homes ("Centex[1]"), a residential homebuilding company, obtained commercial general liability insurance from Plaintiffs. In February 2014, homeowners brought suit against Centex in Kern County Superior Court for alleged construction defects in homes Centex built ("the *Almendarez* action"). Centex tendered the *Almendarez* action to Plaintiffs under the policies Plaintiffs issued. Plaintiffs brought suit in this Court over a dispute that arose between the parties

---

[1] The Court acknowledges that Defendants are Centex Homes, a Nevada general partnership, and Centex Real Estate Corporation, a Nevada Corporation. For clarity, the Court will refer to Defendants collectively as "Centex."

1

regarding their respective duties in handling the *Almendarez* action.

Currently before the Court is Centex's motion to dismiss Plaintiffs' complaint on the ground it fails to state a claim for relief. Doc. 22. The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g).

This case is one of many between the parties currently pending in this Court and elsewhere. The Court has already ruled on Centex's motions to dismiss in other cases between the parties that are essentially identical to one another. *See, e.g.*, *Travelers v. Centex*, No. 14-cv-217-LJO-GSA, 2014 WL 20002320 (E.D. Cal. May 15, 2014). Plaintiffs brought those cases against Centex due to Centex's alleged refusal to allow Plaintiffs to choose counsel to represent Centex in underlying litigation pursuant to the parties' insurance policies. That allegation is the crux of Plaintiffs' claims against Centex in those defendants.

Plaintiffs likewise allege in this case that Centex refused to permit Plaintiffs to appoint counsel of its choosing in the *Almendarez* case. Here, however, Centex moves to dismiss Plaintiffs' first (declaratory judgment) and second (breach of contract) causes of action on the ground Plaintiffs' claims are not ripe because Centex in fact allowed Plaintiffs to appoint counsel of their choosing to defend Centex in the *Almendarez* case.[2] Centex moves to dismiss Plaintiffs' third cause of action (equitable reimbursement) on the ground Plaintiffs fail to allege that they agreed to defend Centex immediately after Centex tendered the *Almendarez* action to Plaintiffs.

## II. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary

---

[2] Although Centex does not cite to Fed. R. Civ. P. 12(b)(1) as authority for its motion to dismiss Plaintiffs' first and second claims as unripe, the Court will construe Centex's motion as a challenge to this Court's subject-matter jurisdiction brought under Fed. R. Civ. P. 12(b)(1).

2

affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); see *Savage*, 343 F.3d at 1039-40 & n. 2. A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039.

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

**A.     Whether Plaintiffs' First and Second Claims Are Ripe.**

Centex moves to dismiss Plaintiffs' first and second causes of action on the ground they are not ripe. Thus, Centex challenges the Court's jurisdiction over the claims. As a court of limited jurisdiction, the Court must consider whether jurisdiction exists pursuant to Article III of the United States Constitution, and dismiss an action if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990)*, cert. denied*, 502 U.S. 943 (1991); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court's Article III jurisdiction over a case "depends on the existence of a 'case or controversy.'" *GTE California, Inc. v. Federal Commc'ns. Comm'n*, 39 F.3d 940,

945 (9th Cir. 1994). "To enforce Article III's limitation of federal jurisdiction to 'cases and controversies,' Plaintiffs must demonstrate both standing and ripeness." *Nelson v. National Aeronautics and Space Admin.*, 530 F.3d 865, 873 (9th Cir. 2008).

Because Centex challenges the factual basis of Plaintiffs' allegations that the Court has jurisdiction over their claims, the Court may "may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction." *Nicholson v. Cnty. of Stanislaus*, No. CV F 09-1941 AWI-SMS, 2010 WL 923729, at *2 (E.D. Cal. Mar. 12, 2010) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co. v. Gen. Telephone Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

Plaintiffs filed this case on May 29, 2014. Plaintiffs' first and second causes of action are premised on allegations that Centex "has refused and is continuing to refuse to accept counsel appointed by [Plaintiffs]" to defend Centex in the *Almendarez* action. Doc. 2, Complaint ("Compl.") at ¶¶ 15; *see also id.* at ¶¶ 18, 19, 23. Centex asserts that it did in fact accept counsel of Plaintiffs' choice to defend it in the *Almendarez* case. Doc. 7 at 12.

In support, Centex provides a declaration from its counsel, Scott Glassmoyer. Doc. 9, Declaration of Scott Glassmoyer ("Glassmoyer Decl."). Mr. Glassmoyer testifies that, on May 30, 2014, Plaintiffs sent a reservation of rights letter regarding the *Almendarez* case (Doc. 9, Exhibit A), *id.* at ¶ 2, and that, on June 20, 2014, he responded to the letter and "advised Plaintiffs that Centex would allow Plaintiffs to appoint co-counsel to participate in the defense of Centex in the *Almendarez* action." *Id.* at ¶ 3 (citing Doc. 9-2, Exhibit B). In his June 20, 2014 letter to Plaintiffs, Mr. Glassmoyer explained Centex's position that it "believes it is entitled to independent counsel," but explained that "[i]f [Plaintiffs are] not willing to share in a defense . . . then Centex will allow [Plaintiffs], subject to a full reservation of rights, to appoint co-counsel to participate in the defense of Centex." Doc. 9-2, Exhibit B,

5

at 2.

Plaintiffs filed this suit on May 29, 2014, prior to Centex's receipt of Plaintiffs' reservation of rights letter on May 30, 2014. Therefore, Centex necessarily could not have refused Plaintiffs' appointment of counsel on or before May 29, 2014. Plaintiffs' claims were therefore unripe at the time they filed this suit to the extent they are premised on Centex's refusal of counsel in the *Almendarez* case.

Further, contrary to Plaintiffs' assertions, Centex did not "refuse to accept counsel appointed by [Plaintiffs]." Rather, Centex explicitly acknowledged its acceptance of Plaintiffs' appointment of co-counsel to defend Centex in the *Almendarez* action. Notably, Plaintiffs do not address the issue of ripeness or the parties' correspondence discussed in Mr. Glassmoyer's declaration.

The Court finds that Plaintiffs' first and second causes of action were unripe at the time they filed this suit. Accordingly, the Court GRANTS Centex's motion to dismiss Plaintiffs' first and second causes of action WITH LEAVE TO AMEND only if and when those claims become ripe. Plaintiffs' first and second causes of action are DISMISSED WITHOUT PREJUDICE.

**B.    Plaintiffs' Third Cause of Action.**

Plaintiffs' third cause of action is for equitable reimbursement. In a related case between the parties, the Court explained that, to state a claim for equitable reimbursement, a plaintiff-insurer must allege that it agreed to immediately defend the defendant-insured in the underlying litigation. *See Travelers Indem. Co. of Connecticut v. Centex Homes*, No. 1:14-cv-217-LJO-GSA, 2014 WL 3778269, at *2, 4 (E.D. Cal. July 30, 2014).

Here, Plaintiffs do not allege any facts demonstrating that they agreed immediately to defend Centex in the *Almendarez* action. Plaintiffs do not allege the date on which Centex tendered the *Almendarez* case or when they agreed to defend Centex in that case. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Centex's motion to dismiss Plaintiffs' first and second causes of action WITH LEAVE TO AMEND only if and when those claims become ripe.

Plaintiffs' first and second causes of action are DISMISSED WITHOUT PREJUDICE. The Court GRANTS WITH LEAVE TO AMEND Plaintiffs' third cause of action. Any amended complaint shall be filed on or before September 5, 2014.

IT IS SO ORDERED.

Dated: **August 15, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE