UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FIDELITY AND GUARANTY INSURANCE COMPANY, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CENTEX HOMES, et al.,**<br><br>**Defendants.** | 1:14-CV-826-LJO-GSA<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (DOC. 26)** |

# I. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a dispute between the parties concerning their rights and duties in an underlying action currently pending in Kern County Superior Court. On May 29, 2014, Plaintiffs brought suit in this Court against Defendants based on the undisputed diversity of citizenship between the parties. Doc. 2.

Defendants Centex Homes and Centex Real Estate Corporation ("Centex"), residential homebuilders, obtained commercial general liability insurance from Plaintiffs ("the policies"). In February 2014, homeowners brought suit against Centex in Kern County Superior Court for alleged construction defects in homes Centex built ("the *Almendarez* action"). *Id.* at ¶ 12. Centex tendered the *Almendarez* action to Plaintiffs under the policies Plaintiffs issued. *Id.* at ¶ 13. Plaintiffs brought suit in this Court over a dispute that arose between the parties regarding their respective duties in handling the *Almendarez* action. *See id.* at ¶¶ 14-15.

Currently before the Court is Centex's motion to dismiss Plaintiffs' first amended complaint (Doc. 25, "the FAC"), currently the operative complaint. Centex moves to dismiss the FAC under Fed. R. Civ. P. 12(b)(1) on the ground Plaintiffs' claims are unripe and under Fed. R. Civ. P. 12(b)(6) on the

1

ground the FAC fails to state a claim for relief. Doc. 26 at 2.

This case is one of many between the parties currently pending in this Court and elsewhere. The Court already has ruled on Centex's motions to dismiss in other cases between the parties that often are essentially identical to one another. *See, e.g.*, *Travelers v. Centex*, No. 14-cv-217-LJO-GSA, 2014 WL 20002320 (E.D. Cal. May 15, 2014). Plaintiffs brought those cases against Centex due to Centex's alleged refusal to allow Plaintiffs to choose counsel to represent Centex in underlying litigation pursuant to the parties' insurance policies. That allegation is the crux of Plaintiffs' claims against Centex in those cases. Plaintiffs likewise allege in this case that, among other things, Centex refused to permit Plaintiffs to appoint counsel of its choosing in the *Almendarez* action, which Plaintiffs allege violate the terms of the policies. *See* FAC at ¶¶ 14-16.

The Court granted Centex's motion to dismiss Plaintiffs' original complaint. Doc. 24. The Court found that Plaintiffs' first (declaratory judgment) and second (breach of contract) causes of action were not ripe and found that Plaintiffs' third cause of action (equitable reimbursement) failed to state a claim for relief. *Id.* at 6.

Plaintiffs timely filed the FAC. Doc. 25. Centex moves to dismiss the FAC for two reasons. First, Centex asserts that none of Plaintiffs' three causes of actions is ripe. Doc. 26 at 17-20. Second, Centex asserts that none of the Plaintiffs' three causes of action states a claim for relief. *Id.* at 20-26.

The Court has reviewed the papers and has determined that the matter is suitable for decision without oral argument pursuant to Local Rule 230(g). For the following reasons, the Court GRANTS IN PART and DENIES IN PART Centex's motion to dismiss.

## II. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981).

A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). As explained in *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004):

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

A Rule 12(b)(1) motion can be made as a speaking motion—or factual attack—when the defendant submits evidence challenging the jurisdiction along with its motion to dismiss. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *see Savage*, 343 F.3d at 1039-40 & n. 2. A proper speaking motion allows the court to consider evidence outside the complaint without converting the motion into a summary judgment motion. *See Safe Air*, 373 F.3d at 1039. "On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion." *Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) (citing *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007)).

"Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039-40, n. 2. In a speaking motion, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Pub. Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss

for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the Plaintiffs should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III. DISCUSSION

A.  **Ripeness.**

Centex moves to dismiss Plaintiffs' three causes of action on the ground they are not ripe. Thus, Centex challenges the Court's subject matter jurisdiction over the claims. As a court of limited

jurisdiction, the Court must consider whether jurisdiction exists pursuant to Article III of the United States Constitution, and dismiss an action if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied*, 502 U.S. 943 (1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court's Article III jurisdiction over a case "depends on the existence of a 'case or controversy.'" *GTE California, Inc. v. Fed. Commc'ns. Comm'n*, 39 F.3d 940, 945 (9th Cir. 1994).

"To enforce Article III's limitation of federal jurisdiction to 'cases and controversies,' Plaintiffs must demonstrate both standing and ripeness." *Nelson v. National Aeronautics & Space Admin.*, 530 F.3d 865, 873 (9th Cir. 2008). "The constitutional component of the ripeness inquiry is often treated under the rubric of standing and, in many cases, ripeness coincides squarely with standing's injury in fact prong." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). "When addressing the sufficiency of a showing of injury-in-fact grounded in potential future harms, Article III standing and ripeness issues often 'boil down to the same question.'" *Coons v. Lew*, 762 F.3d 891, 897 (9th Cir. 2014) (quoting *Susan B. Anthony List v. Driehaus*, __ U.S. __, 134 S.Ct. 2334, 2341 n.5 (2014)). To meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm. *Laird v. Tatum*, 408 U.S. 1, 14 (1972).

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)). A plaintiff's "threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient." *Id.* (quoting *Clapper v. Amnesty Int'l USA*, __ U.S. __, 133 S.Ct. 1138, 1147 (2013)) (emphasis in original). "Where a dispute hangs on 'future contingencies that may or may not occur,' *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996), it may be too 'impermissibly speculative' to present a justiciable controversy. *Portland Police Ass'n v. City of Portland*, 658 F.2d 1272, 1273 (9th Cir. 1981)." *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009).

5

**1.     Whether Plaintiffs' first and second causes of action are ripe.**

Centex asserts that Plaintiffs' first and second causes of action are not ripe because they are premised on Plaintiffs' allegation that Centex refused to permit Plaintiffs to appoint counsel of their choice to defend Centex in the *Almendarez* action, which Centex asserts is factually incorrect. *See* Doc. 26 at 7. According to Centex, Centex sent Plaintiffs a reservation of rights letter in June 2014 ("the letter"), stating that Centex would allow Plaintiffs to choose counsel to represent Centex in the *Almendarez* action. *See id.* at 10-11 (citing Doc. 29-2 at 2). Plaintiffs allege that Centex's letter in fact stated that Centex refused to allow Plaintiffs to appoint Centex's counsel in the *Almendarez* action. *See* FAC at ¶ 15.

A recently issued order from a case between the parties in the Central District of California is instructive here. *See* Doc. 32-1, Ex. A, *Travelers Indem. Co. of Conn. v. Centex Homes*, 14-cv-906-JGB (SPx) (C.D. Cal. Oct. 2, 2014) ("the Central District Order"[1]). The operative facts of the Central District Order are essentially the same as those in this case. In that case, Plaintiffs alleged causes of action for (1) declaratory relief; (2) breach of contract (*i.e.*, breach of the cooperation clause in the parties' insurance policies); and (3) equitable reimbursement. *Id.* at 1-2.[2] As in this case, Plaintiffs asserted that Centex refused to permit Plaintiffs from defending Centex in underlying litigation between the parties. *Id.* at 8. And, as in this case, Centex moved to dismiss Plaintiffs' first and second causes of action on the ground they were not ripe because, contrary to Plaintiffs' allegations, Centex in fact permitted Plaintiffs to represent Centex in the underlying litigation. *Id.* at 6.

The court rejected Centex's argument. *Id.* at 10. The court noted that Centex had provided evidence that, according to Centex, demonstrated that Centex in fact did not refuse to permit Plaintiffs to appoint counsel of their choosing to defend Centex in the underlying litigation. *See id.* at 9. The court found, however, that "[a]t heart . . . [Centex's] objection is not a ripeness argument, but an attempt to

---

[1] In the Central District Order, the sole plaintiff was one of Plaintiffs' affiliates. For clarity, the Court will refer to that plaintiff and Plaintiffs in this case interchangeably as "Plaintiffs."

[2] Page citations to the Central District Order refer to the Order's pagination.

dispute Plaintiff's allegation that [Centex] ha[s] breached [its] contractual duties." *Id.* Accordingly, Centex's ripeness argument failed. *Id.*

Centex's ripeness argument likewise fails here. Although the Court previously dismissed as unripe Plaintiffs' first and second causes of action asserted in their original complaint, Doc. 24 ("the dismissal order") at 6, the facts underlying the dismissal order differ in one critical respect: Plaintiffs filed their original complaint before it was logically possible for Centex to have rejected Plaintiffs' appointment of counsel. *Id.* ("Plaintiffs filed this this suit on May 29, 2014, prior to Centex's receipt of Plaintiffs' reservation of rights letter on May 30, 2014. Therefore, Centex necessarily could not have refused Plaintiffs' appointment of counsel on or before May 29, 2014."). Plaintiffs filed this case shortly after Centex tendered the *Almendarez* action to Plaintiffs before determining or inquiring as to how Centex would respond to Plaintiffs' request to choose Centex's counsel in the *Almendarez* action. *See id.* Plaintiffs' causes of action therefore could not have been ripe at the time Plaintiffs filed their original complaint. *Id.*; *see also St. Paul Fire & Marine Ins. Co. v. Centex Homes*, No. ED CV14-01216 AB (JCx), 2014 WL 5013062, at *4 (C.D. Cal. Oct. 7, 2014).

Here, however, Plaintiffs filed the FAC on September 5, 2014, *after* Centex allegedly refused Plaintiffs' choice of counsel to defend Centex in the *Almendarez* action in June 2014. Centex challenges that allegation and asserts that it in fact did allow Plaintiffs to choose its defense counsel in the *Almendarez* action. The Court agrees with the conclusion of the Central District Order that Centex's ripeness argument with regard to Plaintiffs' first and second causes of action is "[a]t heart . . . not a ripeness argument, but an attempt to dispute . . . that [Centex] ha[s] breached [its] contractual duties." Doc. 32-1 at 9. Accordingly, the Court DENIES Centex's motion to dismiss Plaintiffs' first and second causes of action as unripe.

**2.     Whether Plaintiffs' third cause of action is ripe.**

To state a claim for equitable reimbursement, Plaintiffs must plead that (1) they agreed to immediately defend Centex in the *Almendarez* action in its entirety; (2) they paid money to defend claims against Centex "that are not even potentially covered" under the insurance policies; and (3) they

reserved their right to seek reimbursement. *Buss v. Superior Court*, 16 Cal.4th 35, 47-50 (1997).

Centex asserts that Plaintiffs' claim for equitable reimbursement is not ripe because Plaintiffs have "not paid any defense fees and costs in the *Almendarez* action." Doc. 26 at 20. Plaintiffs claim that they in fact have paid those fees and costs. *See* Doc. 30 at 27.

In support, Centex provides a declaration from Mr. Scott Glassmoyer, Centex's counsel in the *Almendarez* action. Doc. 29, Declaration of Scott Glassmoyer ("Glassmoyer Decl."), at ¶ 1.[3] Mr. Glassmoyer testifies that, as of September 22, 2014, Plaintiffs have not paid "any amounts towards the defense fees and costs for the *Almendarez* action." *Id.* at ¶ 7. Centex explains in its reply that Plaintiffs have not done so because, "due to a change in staffing on the *Almendarez* action, Centex's defense counsel had not yet sent the invoices" at the time Centex filed its motion to dismiss. Doc. 31 at 9; *see also* Doc. 30 at 27 ("Centex, however, has failed to actually provide th[e *Almendarez*] invoices."). On October 19, 2014, Mr. Glassmoyer provided Plaintiffs invoices for the *Almendarez* action. *See* Doc. 35-3 at 3.

Plaintiffs do not dispute Mr. Glassmoyer's testimony. *See* Doc. 30 at 27. Plaintiffs have "acknowledged a duty to pay fees from the date of tender to the appointment of counsel and ha[ve] requested invoices for fees and costs incurred by Centex post-tender so that they can be paid." *Id.* (citing Doc. 30-2, Declaration of Vicki Imamura ("Imamura Decl.") at ¶ 10); *see also* FAC at ¶¶ 27, 29, 30. Plaintiffs received those invoices from Mr. Glassmoyer on October 19, 2014. Doc. 35-3 at 3.[4]

The threat of Plaintiffs' alleged injury—paying the fees and costs of Centex's defense in the *Almendarez* action—appears to be certainly impending at this time. Although Plaintiffs have not yet

---

[3] Because Centex challenges the factual basis of Plaintiffs' allegations that this Court has jurisdiction over their claims, the Court may rely on evidence extrinsic to the pleadings to determine whether Plaintiffs' claims are ripe. Green, 630 F.3d at 1248 n.3.

[4] Plaintiffs also argue that they in fact have paid fees and costs associated with Centex's defense in the *Almendarez* action. *See* Doc. 30 at 27. To support this assertion, Plaintiffs primarily rely on Ms. Imamura's declaration, in which she testifies that "Mr. Lee has informed me that he has not been permitted to represent Centex in the [*Almendarez* action]. However, [Plaintiffs are] still incurring defense fees through Mr. Lee's firm on behalf of Centex." Imamura Decl. at ¶ 9. Centex objects to this portion of Ms. Imamura's testimony as improper hearsay because she is testifying as to things that Mr. Lee told her about the *Almendarez* action. Doc. 33 at 2 (citing Fed. R. Evid. 802). Plaintiffs did not respond to Centex's objection. The Court SUSTAINS Centex's objection and will not consider the contested portion of Ms. Imamura's testimony (*i.e.*, Imamura Decl. at ¶ 9).

paid any fees or costs associated with the *Almendarez* action, they intend to do so—and have a duty to do so. Doc. 30 at 27 (Plaintiffs have "acknowledged a duty to pay fees"). Plaintiffs' alleged injury therefore is not speculative, but rather is reasonably likely to occur in the future. *See Alcoa, Inc. v. Bonneville Power Admin*, 698 F.3d 774, 793 (9th Cir. 2012) (claims not ripe because "harms have not occurred and are not reasonably likely to occur in the future"). Centex provides no authority for its assertion that Plaintiffs' equitable reimbursement claim necessarily is unripe unless and until they pay Centex's fees and costs for the *Almendarez* action. *See* Doc. 26 at 20; Doc. 31 at 9. Even though Plaintiffs' equitable reimbursement claim is contingent on their paying fees and costs in the future, this single future contingency does not necessarily render the claim unripe. The Ninth Circuit has found claims contingent on future events to be ripe if those future events are not impermissibly speculative.

For instance, the Ninth Circuit concluded in *In re Coleman* that the plaintiff's claim was ripe in spite of its being contingent on the plaintiff's future payments. 50 F.3d at 1003. In that case, the Ninth Circuit considered the issue of "whether 'undue hardship' determinations—whereby bankruptcy courts decide whether student loans qualify for discharge—are ripe in a Chapter 13 case substantially in advance of plan completion." *Id.* The court noted that the plaintiff's "actual discharge of her student loans will only occur, if at all, when she completes payments under the plan . . . . If she does not complete her plan payments, there will be no discharge." *Id.* at 1005 (citation and footnote omitted). The Ninth Circuit found that that "plan completion is a single factual contingency—not a 'series of contingencies' rendering the decision 'impermissibly speculative.'" *Id.* (citing *Portland Police*, 658 F.2d at 1273-74). The court noted that "[i]n *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1211 (9th Cir. 2006) (per curiam), th[e] court concluded that a challenge to the enforce-ability of a French court injunction was constitutionally ripe even though enforcement of that injunction had yet to be sought." *Id.* (footnote omitted). The Ninth Circuit noted that "[j]ust as [the plaintiff] could fail to complete her plan payments, parties to the *Yahoo!* dispute at the time ripeness was at issue could have decided not to seek the enforcement of its injunction in the United States." *Id.* Nonetheless, the Ninth Circuit held that the plaintiff's claim was ripe in spite of its hinging on a future contingency. *Id.*;

*see also Bonneville Power Admin*, 698 F.3d at 793 (claims not ripe because "harms have not occurred and are not reasonably likely to occur in the future").

The Court finds that Plaintiffs' third cause of action for equitable reimbursement is not impermissibly speculative at this time. Plaintiffs have acknowledged their contractual duty to pay Centex's fees and costs associated with the *Almendarez* action and Centex does not dispute that Plaintiffs intend to pay those sums. Further, Plaintiffs indisputably have taken steps to pay the fees and costs, but have been unable to do so due to Centex's administrative oversights, which apparently have been corrected since Centex filed its motion to dismiss. The Court finds that, given these circumstances, Plaintiffs' equitable reimbursement claim is ripe. Accordingly, the Court DENIES Centex's motion to dismiss Plaintiffs' equitable reimbursement claim as unripe.

B.                                            **Failure to State a Claim.**

Plaintiffs' first and second causes of action allege that Centex breached the cooperation clause contained in the policies. *See* FAC at ¶¶ 19(c), 24. Plaintiffs allege that Centex breached the cooperation clause by refusing to allow Plaintiffs to control the defense and select counsel for Centex in the *Almendarez* action and insisting that Plaintiffs pay the fees and costs of Centex's personal counsel and pay all vendor and expert costs. *Id.*

Centex disputes the factual basis of Plaintiffs' allegations. Furthermore, Centex argues that, even assuming the truth of Plaintiffs' allegations, the letter demonstrates that Centex's conduct did not breach the cooperation clause. *See* Doc. 26 at 21-26.

In support, Centex provides its June 2014 letter in which Centex allegedly communicated its breach of its contractual duty to cooperate.[5] Doc. 29-2 at 2. In that letter, Mr. Glassmoyer, Centex's counsel in the *Almendarez* action, explained:

---

[5] Because the FAC alleges the contents of the letter, *see* FAC at ¶ 15, it is incorporated by referenced into the complaint and the Court may consider it in resolving Centex's motion to dismiss. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.") (citation omitted).

> Centex believes that it is entitled to independent counsel and requests that [Plaintiffs] . . . provide such counsel immediately. Additionally, based on prior dealings, Centex has significant concerns about [Plaintiffs'] appointment of David Lee and his firm.
>
> Centex is willing to try and work out an allocation of the defense fees between Travelers and other insurers that agree to defend Centex in this matter if [Plaintiffs are] willing to share in the defense provided by [Centex's counsel] as the sole counsel for Centex in this matter. If [Plaintiffs are] willing to do so, then please contact me to discuss an allocation of the defense fees. If [Plaintiffs are] not willing to share in the defense provided by [Centex's counsel], then Centex will allow [Plaintiffs], subject to a full reservation of rights, to appoint co-counsel to participate in the defense of Centex in this matter and will look to [Plaintiffs] to pay all expert and vendor bills, as well as all of the fees generated by [Plaintiffs'] counsel of choice.
>
> Based upon the coverage positions taken by [Plaintiffs] in this and other cases, based upon the fact that [Plaintiffs] continue[] to sue Centex over and over, and based upon the claims that both Centex and [Plaintiffs] have against the subcontractors, there is an obvious conflict of interest for any attorney has a relationship with [Plaintiffs].

*Id.* Centex asserts that Plaintiffs' failure to adequately allege a breach of the cooperation clause renders deficient all three of Plaintiffs' causes of action. *See* Doc. 26 at 26, 28.

The Central District Order addressed virtually identical circumstances and the parties advanced similar arguments as they do here. *See* Central District Order at 11-13. As in this case, Centex sent Plaintiffs a reservation of rights letter, which included the language quoted above from Centex's June 2014 letter.[6] *Id.* at 9. Plaintiffs construed the letter as a breach of the cooperation clause contained in the parties' insurance policies. *Id.* at 11.

The court found that California Civil Code § 2860(a)[7] applied and "clearly contemplates that an insured may inform an insurer of a possible conflict of interest and request independent counsel." *Id.* at 12. Centex "perceived a potential conflict of interest and notified Plaintiff that they were requesting independent counsel." *Id.* (footnote omitted). The court found that Centex's

---

[6] "A court may take judicial notice . . . of documents filed in other courts." *Hensley v. U.S. Dist. Court, E.D. Cal.*, 2008 WL 480000, at *2 (E.D. Cal. Feb. 19, 2008) (collecting cases). The Court takes judicial notice of Centex's reservation of rights letter sent to Plaintiffs in the Central District Case (*Travelers Indem. Co. of Conn. v. Centex Homes*, 5:14-cv-906 JGB (SPx), Doc. 13-1, Ex. B, at 13-14), which is virtually identical to Centex's June 2014 letter in this case.

[7] California Civil Code § 2860(a) provides in relevant part:

> If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless, at the time the insured is informed that a possible conflict may arise or does exist, the insured expressly waives, in writing, the right to independent counsel.

mere request for independent counsel did not constitute a breach of their duty to cooperate. Similarly, it was not a refusal to cooperate for [Centex] to suggest that, if Plaintiff refused to share in the defense provided by independent counsel, [Centex] would be willing to allow appointed counsel to serve as co-counsel if Plaintiff paid the expert and vendor bills.

*Id.* at 12-13. The court concluded that "Plaintiff has thus failed to adequately allege a breach of contract." *Id.* at 13. The court further found "[t]hat failure renders deficient not only its cause of action for a breach of contract, but also its third request for declaratory relief—specifically its request for a declaration that [Centex's] actions constituted a breach of [its] duty to cooperate." *Id.* Accordingly, the court granted Centex's motion to dismiss "on the basis that [Plaintiffs] failed to properly allege a breach of contract." *Id.*

Although the Central District Order issued almost a week before Plaintiffs filed their opposition, they do not address it in their opposition. *See generally* Doc. 30 at 22-25. Centex argues that the Central District Order should control here. Doc. 31 at 6-7. The Court finds the reasoning of the Central District Order persuasive and follows its analysis here.

Plaintiffs argue that Centex's letter amounts to a breach of the cooperation clause because in that letter (1) Centex refused Plaintiffs' counsel; (2) Centex demands independent counsel; (3) Centex demands that Plaintiffs pay for Centex's personal counsel or (4) participate in Centex's defense and bear all the costs. *See* Doc. 30 at 23-25. The Court does not interpret Centex's letter as do Plaintiffs. Centex's conduct, as memorialized in its June 2014 letter, does not amount to a breach of the cooperation clause.

First, Centex did not refuse Plaintiffs' counsel of choice. After offering alternatives, Centex concludes that ultimately "Centex will allow [Plaintiffs], subject to a full reservation of rights, to appoint co-counsel to participate in the defense of Centex in this matter." Doc. 29-2 at 2.[8] Second, as the Central District Order explained, Centex's request for independent counsel did not breach the cooperation

---

[8] Although Plaintiffs did not clearly or compellingly brief the issue, Plaintiffs seem to suggest that they have the right to entirely control Centex's defense in the *Almendarez* action and Centex has no right to retain co-counsel to participate in its defense in any manner. *See* Doc. 30 at 24-25. Plaintiffs are correct that "[w]hen the insurer provides a defense to its insured, the insured has no right to interfere with the insurer's control of the defense." *Safeco Ins. Co. v. Superior Court*, 71 Cal. App. 4th 782, 787 (1999). But the Court is unaware of—and Plaintiffs do not provide—any authority, however, that suggests that an insurer's right to control its insured's defense entirely forecloses the insured's ability to retain co-counsel to participate in the insured's defense in any manner. Thus, Centex did not breach its duty to cooperate by communicating that it would allow Plaintiffs "to appoint co-counsel to participate in the defense of Centex" in the *Almendarez* action. Doc. 29-2 at 2.

clause. Central District Order at 12. Third, Centex did not demand that Plaintiffs pay for Centex's personal counsel. Centex suggests that it would be open to discussing that possibility, but indicates that if Plaintiffs are not, then Centex "will look to [Plaintiffs] to pay all expert and vendor bills, as well as all of the fees generated by [Plaintiffs'] counsel of choice." Doc. 29-2 at 2. Centex does not demand that Plaintiffs pay for its personal counsel. Finally, as the Central District Order explained, "it was not a refusal to cooperate for [Centex] to *suggest* that . . . [they] could be willing to allow appointed counsel to serve as co-counsel if Plaintiff[s] paid the expert and vendor bills." Central District Order at 12-13 (emphasis added). In sum, Centex's June 2014 letter demonstrates that Centex's conduct did not breach the cooperation clause, as Plaintiffs allege.

Plaintiffs assert that Centex's "vague, self-serving letter" masks Centex's "true intentions." Doc. 30 at 9. Plaintiffs make a series of arguments and provide evidence that they contend support their assertion that, in spite of its June 2014 letter, Centex's has refused to permit Plaintiffs to appoint Mr. Lee to represent Centex in the *Almendarez* action. *See id.* at 17. Centex argues that Plaintiffs' assertion is unsupported. *See* Doc. 31 at 5-6.

As an initial matter, almost all of the evidence on which the parties rely to support their respective positions is inadmissible or not properly considered on a Fed. R. Civ. P. 12(b)(6) motion. *See, e.g.*, Doc. 30-3, Doc. 34, Doc. 35, Doc. 36 The declarations and correspondence between various individuals associated with the parties' representation in other cases will not be considered at this stage to assess whether Centex breached the policies.

The only competent evidence submitted by either party are transcripts from two separate proceedings involving the parties in the Superior Court of California for the County of Tulare. *See* Doc. 30-4, Exs. A & B. Without point to any specific testimony, Plaintiffs assert that, during those proceedings, "just two weeks ago [in one of those proceedings], Centex confirmed under oath that it will not allow [Plaintiffs] to appoint David Lee to represent it in any case." Doc. 30 at 17 (citing Doc. 30-4, Ex. B) (emphasis omitted). The only pertinent testimony from that proceeding does not support Plaintiffs' assertion that Centex has refused Plaintiffs' appointment of counsel in the *Almendarez* action.

13

Counsel for Centex testified that in December 2013, he instructed Mr. Lee "not to take any more cases directly from [Plaintiffs]." Doc. 30-4, Ex. B at 25. There simply is nothing in the transcripts that contradicts or undermines Centex's representations in its June 2014 letter that it will permit Plaintiffs to appoint its counsel of choice to represent Centex in the *Almendarez* action.

Because Plaintiffs have failed to allege a breach of the cooperation clause, Plaintiffs' first and second causes of action fail. *See id.* at 13. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' first and second causes of action.

Plaintiffs' equitable reimbursement claim also fails in the absence of a breach of the cooperation clause. To state a claim for equitable reimbursement, Plaintiffs must allege facts demonstrating that they defended Centex in the *Almendarez* action in its entirety. *Travelers Indem. Co. of Connecticut v. Centex Homes*, 1:14-cv-217-LJO-GSA, 2014 WL 3778269, at *3 (E.D. Cal. July 30, 2014), *amended on reconsideration*, 1:14-cv-217-LJO-GSA, 2014 WL 4081861 (E.D. Cal. Aug. 19, 2014). "To defend entirely, an insurer must defend its insured 'until the underlying lawsuit is concluded, or until it has been shown that there is no potential for coverage.'" *Id.* (quoting *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal.4th 643, 655 (2005)).

The parties do not dispute that the *Almendarez* action is still pending resolution. Thus, Plaintiffs must allege facts showing that "there is no potential for coverage" and therefore their duty to defend Centex in the *Almendarez* action has ceased. *Id.* (quoting *Scottsdale*, 36 Cal.4th at 655). Plaintiffs assert that their duty to defend Centex in the *Almendarez* action has ceased due to Centex's alleged breach of the cooperation clause. *See* FAC at ¶ 31. But, as discussed, Plaintiffs have failed to allege any breach of the cooperation clause. Plaintiffs' equitable reimbursement claim therefore fails. Accordingly, the Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss Plaintiffs' third cause of action for equitable reimbursement.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES Centex's motion to dismiss (Doc. 26) Plaintiffs' claims as unripe. The Court GRANTS WITH LEAVE TO AMEND Centex's motion to dismiss the

1. entire FAC for failure to state a claim. Accordingly, Plaintiffs' claims are DISMISSED WITHOUT
2. PREJUDICE. Any amended complaint shall be filed on or before November 28, 2014.
3.     This Court does not have time, based on its workload, to be in the business of rewriting
4. pleadings for parties. The Court has been specific in this Order, and Plaintiffs should not assume that if
5. they cannot plead properly with the Court's help this time, that the help will be offered again.
6. IT IS SO ORDERED.
7.     Dated:   **November 10, 2014**            **/s/ Lawrence J. O'Neill**
   UNITED STATES DISTRICT JUDGE