1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

| | |
|---|---|
| FIDELITY AND GUARANTY INSURANCE COMPANY, *et al.*, | Case No. 1:14-cv-00826-LJO-GSA |
| Plaintiffs, | **ORDER GRANTING MOTIONS TO COMPEL** |
| v. | |
| CENTEX HOMES, *et al.*, | (ECF Nos. 56, 57) |
| Defendants. | |

18        On September 11, 2015, Defendants Centex Homes and Centex Real Estate Corporation

19   ("Defendants" or "Centex") moved to compel discovery responses from Plaintiffs Fidelity and

20   Guaranty Insurance Company and Travelers Property Casualty Company of America ("Plaintiffs"

21   or "Travelers"). (ECF No. 56.) On the same day, Centex also moved to compel depositions of

22   several of Plaintiffs' employees. (ECF No. 57.)

23        Defendants' two Motions to Compel present three issues for the Court to resolve.

24   Specifically, Defendants' motions seek to compel: (1) the production of documents identified in

25   Request for Production No. 25 in Plaintiffs' First Set of Requests for Production[1]; (2) the

26   deposition of Jeffrey Lautrup; and (3) the depositions of Richard Carillo, Rochelle Ware, Vicki

27

---

[1] Although this request was Request for Production No. 25 in the First Set of Requests for Production to Plaintiffs, Travelers appears to have labeled it as Request for Production No. 24 in its responses.

28

1

1   Imamura, and a Federal Rule of Civil Procedure 30(b)(6) witness. The parties have submitted

2   joint statements on the issues and the Court has determined that this matter is suitable for decision

3   without further oral argument pursuant to Local Rule 230(g). Based on a review of the pleadings

4   and for the reasons set forth below, the Court GRANTS Defendant's Motions to Compel.

5   **I.    BACKGROUND**

6          This case is one of many between Travelers and Centex currently pending in front of this

7   Court and other courts throughout the state of California. Centex was sued, along with Centex

8   subcontractors, for alleged construction defects (the "Almendarez Action" or the "Underlying

9   Action"). Travelers had issued insurance policies to West Coast Countertops (the Centex

10  subcontractor in this instance) as a named insured and had also insured Centex as an additional

11  insured. When the Almendarez Action began, Centex requested coverage from Travelers, which

12  assigned Centex's claim to insurance adjuster Vicki Imamura. Travelers filed suit in this case

13  over a dispute that arose between Travelers and Centex regarding their respective duties in

14  handling the Almendarez Action. In particular, Centex objects to Travelers' attempts to appoint

15  David Lee of Lee, Hernandez, Landrum, Garofalo & Blake as counsel to Centex in the

16  Almendarez Action.

17         Centex argues that Lee has previously engaged in unethical conduct and will focus

18  Centex's defense in Almendarez on an outcome that is favorable to Travelers at the expense of

19  Centex:  Because another Travelers insured, West Coast Countertops, is involved in Almendarez

20  (and is, in fact, the target of a cross-complaint filed by Centex in that action), Travelers could

21  dictate that Lee attempt to shift the blame to solely non-Travelers affiliated targets. Centex acting

22  independently (or with independent counsel), on the other hand, could freely argue that West

23  Coast Countertops (or other Travelers insured parties), should bear the bulk of the liability in the

24  Underlying Action.

25         As part of its defense in the present case, Centex served document requests on Travelers

26  requesting, among other things:

27         Any and all DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR
           coverage decision on West Coast Countertop's tender to YOU for defense and
28         indemnity of the ALMENDAREZ ACTION, including but not limited to YOUR

1    claim file and claim notes.

2    (Declaration of Jeffrey M. Hayes In Support of Joint Statement Re: Discovery Disagreement Re:

3    Named Insured Discovery ("Hayes Decl.") Exh. B, pg. 25, ECF No. 66-2.)[2]

4         On March 16, 2015, Travelers responded with a list of boilerplate objections, stating that:

5         The foregoing General Objections are incorporated herein by reference. This
          Request is also objected to on the grounds that the request is vague and
6         ambiguous. Responding Party further objects to the Request on the basis that it is
          vague, ambiguous, overbroad and unduly burdensome to Responding Party, as
7         Responding Party utilizes hundreds of different applications in order to view,
          store or recover DOCUMENTS and COMMUNICATIONS. Responding Party
8         objects to this request to the extent such documents are already in the possession,
          custody or control of Propounding Party and/or are equally available to the
9         Propounding Party. Responding Party objects to this Request to the extent it seeks
          documents neither relevant to the subject matter nor reasonably calculated to lead
10        to the discovery of admissible evidence. Responding Party objects to this Request
          to the extent that it seeks information which is protected from disclosure by the
11        trade secret, proprietary, litigation, mediation and/or other applicable privileges,
          or that are immune from disclosure. Moreover, Responding Party objects to this
12        Request to the extent it seeks documents protected by the attorney client privilege
          and/or the attorney work product doctrine. Finally, this request calls for a legal
13        conclusion and the premature disclosure of expert opinion information.

14   *Id.* Travelers did not, however, enclose a privilege log with the response (and only did so much

15   later, in September 2015).

16        On August 27, 2015, Centex also served a deposition notice on Jeffrey Lautrup, the

17   insurance adjuster apparently responsible for Travelers' coverage of West Coast Countertops. *Id.*

18   at Exh. C, pg. 2. In a form objection notice, Travelers explained that Lautrup would not be

19   produced. *Id.* at Exh. D, pg. 3.

20        On August 26, 2015, Centex served deposition notices for Vicki Imamura, Richard

21   Carrillo, Rochelle Ware, and a witness to be designated under Rule 30(b)(6). At an informal

22   discovery conference with the Court on September 3, 2015, Travelers agreed to provide potential

23   deposition dates for the witnesses by September 7, 2015. On September 4, 2015, Travelers served

24   objections to the depositions and informed Centex that they would provide dates of availability

25   for each of the witnesses "as soon as possible." (Declaration of Jeffrey Hayes in Support of Joint

26   Statement Re: Discovery Disagreement Re: Depositions ("Hayes Decl. #2"), Exh. F, ECF No. 67-

27

28   _____

[2] Page numbers are identified by the CM/ECF generated page number in the upper right hand corner of each page.

3

1.)

On September 9, 2015, Centex contacted Travelers to remind them that they still had not provided deposition dates. *Id.* at Exh. G. Centex again emailed on September 10 and informed Travelers that, if they were required to move to compel the depositions, they would seek sanctions. *Id.* at Exh. H. Travelers contacted Centex by phone and indicated that they would be drafting a stipulation to seek a 30 day extension to non-expert discovery. *Id.* Travelers then unilaterally decided that they needed a 60 day extension and drafted the stipulation accordingly. *Id.* In the email to Centex attaching the draft stipulation, Travelers indicated that "if the Court enters the order the depositions for Travelers employees may take place after October 16, 2015 through the new discovery deadlines. Should the court not grant the extension, we will continue to seek available dates prior to the set discovery cutoff." *Id.* Centex replied that although the depositions could be taken through the month of November, they would need to be set by the end of September. As of September 25, 2015, Travelers had not supplied any potential dates for the depositions.

Travelers now asserts in response to the first Motion to Compel that it should not be required to produce the claim file and claim notes for West Coast Countertops for review or produce Lautrup for deposition because: (1) communications between Travelers and West Coast Countertops are not relevant to the current action; and (2) communications between Travelers and West Coast Countertops are covered by the attorney-client privilege. In response to the second Motion to Compel, Travelers argues that the Motion is not yet ripe because Centex has agreed that the depositions need not be taken until November.

## II.   REQUESTS FOR JUDICIAL NOTICE

Both Travelers and Centex request that the Court take judicial notice of a number of orders that have been issued in other cases between the parties. Neither request is opposed.

Centex requests that the Court take judicial notice of: (1) Order re: Joint Ex Parte Application re: Outstanding Discovery Disputes, dated April 21, 2015, in the case of *Travelers Indemnity Company of Connecticut, et al. v. Centex Homes, et al.*, C.D. Cal. Case No. EDCV 14-965 FMO (PJWx); (2) Orders re: Centex Motions to Compel in *St. Paul Fire and Marine*

4

*Insurance Company, et al. v. Centex Homes, et al.*, C.D. Cal. Case No. EDCV 14-1216 AB (JCx); (3) Order Granting Motion to Compel in *Travelers Indemnity Company of Connecticut v. Centex Homes, et al.*, C.D. Cal. Case No. EDCV 14-2590 JAK (JCGx); (4) Transcript of Motion to Compel hearing in *Travelers Indemnity Company of Connecticut v. Centex Homes, et al.*, C.D. Cal. Case No. EDCV 14-2590 JAK (JCGx); (5) Order re: Travelers' Motion for Partial Summary Judgment in *Fidelity and Guarantee Insurance Company et al. v. KB Home Coastal, Inc., et al.*, C.D. Cal. Case No. LACV 13-00946 JAK (DTBx).

Travelers requests judicial notice of: (1) Order Granting in Part and Denying in Party Plaintiff's Motion for Summary Judgment in *Travelers Property Casualty Company of America v. Centex Homes*, N.D. Cal. Case No. C 10-02757 CRB; (2) Order Granting in Part and Denying in Part Cross-Motions for Partial Summary Judgment in *Travelers Property Casualty Company of America, et al. v. Centex Homes*, N.D. Cal. Case No. 11-3638-SC; (3) Order on Submitted Matters in *Nello Mazzoni, et al. v. Centex Homes*, Superior Court of California, County of Placer, Case No. SCV 031148; (4) Order Denying Centex's Motion for Summary Adjudication in *Deusenberry v. Centex*, Riverside County Superior Court Case No. RIC 1105565; (5) Order – Motion for Summary Adjudication Granted in *Afsari v. Centex Homes*, Alameda County Superior Court Case No. RG11593529; (6) Minute Order in *Humphreys v. Centex*, San Bernardino County Superior Court Case No. CIVDS 1302259; (7) Law and Motion Minute Order in *Centex Homes v. Windows by Advanced*, Fresno County Superior Court Case No. 13CECG02959; (8) Law and Motion Minute Order in *Javier Castro v. Centex Homes*, Fresno County Superior Court, Case No. 11CECG03485 JH; (9) Order re Travelers' Motion for Partial Summary Judgment in *Fidelity and Guaranty Insurance Company v. KB Home Coastal, Inc., et al.* C.D. Cal. Case No. CV13-00946 JAK (DTBx); (10) "Notice of Ruling on Cross-Defendants' Demurrer" in *Travelers Property Casualty Company of America v. Centex Homes*, San Bernardino Superior Court, Case No. CIVDS 1315282; (11) "Order Granting Plaintiff's Motion for Partial Summary Judgment; Denying Defendants' Motion for Partial Summary Judgment" in *Travelers Property Casualty Company of America v. Kaufman & Broad Monterey Bay, Inc.*, N.D. Cal. Case No. 5:13-cv-04745-EJD; (12) "Minute Order" in *Centex v. Ad Land*, Sacramento Superior Court Case No. 34-

5

1    2011-00112151, filed April 1, 2015; (13) "Statement of Decision" filed on April 24, 2015 in

2    *Centex Homes v. Alan Crane, dba A.L. Drywall* (and consolidated matters), Tulare County

3    Superior Court, Case No. VCU252502; and (14) *Centex Homes v. St. Paul Fire & Marine Ins.*

4    *Co.,* 237 Cal.App.4th 23 (2015) affirming the "Minute Order: Ruling on Demurrer" filed on

5    November 5, 2013 in *Centex Homes v. Accelerated Waterproofing, Inc.*, Superior Court of

6    California, County of Riverside, Case No. RIC 1306704.

7           While the court may take judicial notice of the fact of filing or existence and the general

8    meaning of words, phrases, and legal expressions, documents are judicially noticeable only for

9    the purpose of determining what statements have been made, not to prove the truth of the

10   contents. *Cactus Corner LLC v. U.S. Dept. of Agric.*, 346 F.Supp.2d 1075, 1100 (E.D. Cal. 2004),

11   *citing Hennessy v. Penril Datacomm Networks, Inc.* 69 F.3d 1344, 1354–55 (7th Cir.1995).

12   "Judicial notice is taken of the existence and authenticity of the public and quasi public

13   documents listed. To the extent their contents are in dispute, such matters of controversy are not

14   appropriate subjects for judicial notice." *Del Puerto Water Dist. v. U.S. Bureau of Reclamation,*

15   271 F.Supp.2d 1224, 1234 (E.D.Cal.2003); s*ee also California ex rel. RoNo, LLC v. Altus*

16   *Finance S.A.,* 344 F.3d 920, 931 (9th Cir.2003) ("requests for judicial notice are GRANTED to

17   the extent that they are compatible with Fed. Rule Evid. 201 and do not require the acceptance of

18   facts 'subject to reasonable dispute'").

19          The Court grants the requests for judicial notice to the extent they demonstrate that the

20   respective orders have been issued in other cases. The documents are not, however, properly

21   judicially noticeable for the facts or legal conclusions stated therein. *Missud v. Nevada*, 861

22   F.Supp.2d 1044, 1054 (N.D. Cal. 2012) ("While many of these documents (i.e., filing and order

23   in other court proceedings) are judicially noticeable for certain purposes, such as to demonstrate

24   the existence of other court proceedings, they are not judicially noticeable for Mr. Missud's

25   purpose, which is to demonstrate that his arguments and allegations against Defendants are true").

26   **III.    DISCUSSION**

27          **A.  Defendants' First Motion**

28          As noted above, Centex's first motion requests that the Court determine whether Travelers

must produce documents and testimony regarding Travelers' handling of West Coast Countertop's claims in the Almendarez Action. Travelers asserts that Centex is merely on an "unwarranted fishing expedition" for evidence that is irrelevant to the issues in this action and that, in any case, disclosure of the West Coast Countertops file would reveal information about its defense strategy in the Almendarez Action that is protected by the attorney-client and attorney work product privileges. Although Travelers objected on a number of bases in its initial response to Centex, it relies solely on its relevance and privilege objections here.

Centex argues that the information contained in the file is potentially relevant because the documents produced thus far indicate that the insurance adjuster assigned to them, Imamura, had discussed the Almendarez Action with Lautrup, the insurance adjuster assigned to West Coast Countertops, as well as with other parties affiliated with West Coast Countertops. They assert that they are entitled to inquire about these communications because they will demonstrate that a conflict of interest existed between Centex and West Coast Countertops, thus requiring the appointment of independent counsel. With respect to the attorney-client privilege claim, Centex suggests that Travelers has not carried its burden of showing that the privilege applies here because it has failed to provide a sufficient privilege log.

### 1. *Relevance.*

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond to discovery or has provided evasive or incomplete responses. The scope of permissible discovery is intentionally broad and can include "any nonprivileged matter that is relevant to any party's claim or defense . . . the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). "Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case." *Rogers v. Giurbino*, 288 F.R.D. 469, 478-479 (S.D. Cal. 2012).

In this instance, the documents and testimony sought could bear on, or could lead to evidence that bears on, Centex's need for independent counsel. The central thrust of Centex's allegations is that there was a conflict of interest between Centex and West Coast Countertops

and that Travelers was aware of that conflict. It makes sense, then, that information pertaining to Travelers' coverage of West Coast Countertops is relevant to determine the scope and nature of that conflict. That discovery has already uncovered some evidence that Imamura, Travelers' agent, was in communication with West Coast Countertops and Lautrup, the adjuster assigned to West Coast Countertops, only reinforces this point.

### 2.   *Attorney-Client Privilege.*

In a federal action based on diversity jurisdiction, state law governs claims of privilege. Fed. R. Evid. 501; *Star Editorial, Inc. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 7 F.3d 856, 859 (9th Cir. 1993). In California, "[t]he party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." *Costco Wholesale Corp. v. Superior Court*, 47 Cal.4th 725, 733 (2009). Federal law, which governs the application of the attorney product doctrine, also requires that "[t]he party who withholds discovery materials must provide sufficient information (*i.e.*, a privilege log) to enable the other party to evaluate the applicability of the privilege or protection." *Ramirez v. Cnty. of Los Angeles*, 231 F.R.D. 407, 410 (C.D. Cal. 2005); *see also Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 660 (W.D. Wash. 2008) ("Even if it could withhold production of some of the materials under one of the privileges, Zurich was undeniably obligated to produce a privilege log documenting its assertion of the privilege").

"[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." *Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). When evaluating the sufficiency of a party's privilege claim, a court should consider:

> . . . the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to

forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format.

*Id.*

In this case, Travelers did not initially include the disputed documents in a privilege log. Although they eventually produced a privilege log (more than five months after they served their initial objections to the requests), the log contains only a short explanation for the basis of the asserted privilege—the entry describes the withheld documents as: "Documents related to the tender by West Coast Countertops, Inc. to Travelers Insurance Companies within NI Claim File ACQ3102." (Hayes Decl., Exh. K, ECF No. 66-11.) The entry does not explain how many documents or pages are covered by the entry or the dates of the covered documents. *Id.* Moreover, Centex and Travelers have had the same dispute over documents in at least three separate cases prior to this one. In each of those cases, Centex's motions to compel were granted and Travelers was required to produce the requested documents.[3] (Centex's Request for Judicial Notice, Exhs. A, B, C, ECF Nos. 64-1, 64-2, 64-3.) Travelers has not met its burden in asserting a claim of privilege and must produce documents responsive to Centex's document request.

Travelers must also produce Jeffrey Lautrup for deposition. However, because Centex has not yet posed any specific questions to Lautrup, the Court is unable to determine whether Travelers' assertion of privilege properly applies to his testimony. Travelers' counsel thus remains free to make <u>good faith</u> objections to questions posed by Centex at Lautrup's deposition and Centex remains free to challenge any such objections later on.[4]

**B.  Defendants' Second Motion**

Centex's second Motion to Compel requests that Travelers produce employees Vicki

---

[3] While the Court is not bound by the factual or legal findings of the orders in these cases, the fact that Travelers has lost these challenges on three prior occasions (and for substantially identical reasons) but continues to oppose these requests suggests some intransigence on Travelers' part. The order in the first case, which was issued on April 21, 2015, compelled disclosure because of Travelers' failure to produce a privilege log to document its claim of privilege. The fact that this order did not cause Travelers to either: (1) reconsider its position in its other, similarly situated cases; or (2) produce privilege logs to properly assert its claims in its other, similarly situated cases, suggests that Travelers' claim of privilege is not well-founded. It also suggests that Travelers is not proceeding in the discovery process with the intent of preventing the needless waste of time and resources.

[4] The parties are reminded, however, that the non-expert discovery cutoff in this case is currently set for December 21, 2015. Further extensions to discovery are unlikely to be granted absent good cause and the Court will disfavor any obstinacy or attempts to manipulate the discovery process for tactical advantage.

1    Imamura, Richard Carillo, and Rochelle Ware for depositions. Centex also asks that Travelers

2    designate and produce a Rule 30(b)(6) witness to testify. Travelers has agreed to produce these

3    individuals, but has not provided dates or designated an individual under Rule 30(b)(6) and does

4    not explain its failure to do so.

5         Federal Rule of Civil Procedure 30(b)(6) "requires a corporation to produce one or more

6    officers to testify with respect to matters set out in the deposition notice or subpoena." *Marker v.*

7    *Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989). After a party has been

8    "served with a Rule 30(b)(6) notice, the corporation is compelled to comply, and it may be

9    ordered to designate witnesses if it fails to do so." *United States v. Taylor*, 166 F.R.D. 356, 361

10   (M.D.N.C. 1996). While Travelers suggests that this discovery dispute is not yet ripe because the

11   parties are still discussing the scheduling of depositions, the Court sees little reason why

12   Travelers has not, at the very least, designated a Rule 30(b)(6) witness at this point. Indeed,

13   practicality requires that the witness be designated **before** he or she can be scheduled.

14        Moreover, Travelers appears to be either unwilling or unable to propose dates for the

15   employee depositions. Travelers is correct that the agreed to deadline to propose dates

16   (September 30, 2015) had not passed by the time the Motion to Compel was filed. This fact,

17   however, is of little reassurance to the Court, because Travelers failed to meet the previous

18   deadline it set to propose dates (September 7, 2015). The lack of an explanation for these delays

19   is also troubling. Although the parties have only been working to resolve these issues since late

20   August, the Court finds it appropriate to grant Centex's Motion to Compel Depositions and

21   require Travelers to produce the requested witnesses for deposition.

22        Finally, Centex requests $5,400 in discovery sanctions under Federal Rule of Civil

23   Procedure 37(d) against Travelers based on their failure to provide any potential deposition dates.

24   Rule 37(d) allows courts to impose sanctions where "a party or a party's officer, director, or

25   managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being

26   served with proper notice, to appear for that person's deposition."

27        Although Travelers's discovery conduct to this point has been less than exemplary, the

28   record does make clear that Centex was willing to entertain deposition dates that occurred after

10

the properly noticed dates for the depositions. Centex also agreed to stipulate to an extension to the non-discovery cutoff date so that the depositions could occur into November 2015. The Court is thus unable to find that Travelers' witnesses failed to appear for their properly noticed depositions as described in Rule 37(d). Sanctions are thus not appropriate in this instance.

Travelers is advised, however, that the Court looks with great disfavor on dilatory conduct in discovery or tactical delays aimed at the manipulation of the discovery system. The utter absence of any explanation by Travelers for its failure to propose deposition dates suggests to the Court that Travelers' resistance on this issue is not substantially justified. Travelers' objections to Centex's first Motion to Compel, even in the face of three unfavorable orders in identical situations, suggests similarly. Travelers is reminded that the Court has great discretion in imposing sanctions under Rule 37. *Lee v. Walters*, 172 F.R.D. 421, 426 (D. Or. 1997) (awarding sanctions in the amount of $7,026 where counsel "did not respond to repeated inquiries and demands by plaintiffs to schedule depositions"). The Court hopes that Travelers' conduct thus far has been inadvertent and that it will work to complete the rest of the discovery process smoothly, efficiently, and without delay.

## IV.   ORDER

For the reasons set forth above, the Motions to Compel against Plaintiffs Fidelity and Guaranty Insurance Company and Travelers Property Casualty Company of America (ECF Nos. 56, 57) are GRANTED. Accordingly:

1. Plaintiffs are DIRECTED to produce documents requested by Request for Production No. 25 in the First Set of Requests for Production propounded on Plaintiffs, which is labeled "Request for Production No. 24" in Plaintiffs' Response to Defendants' First Set of Requests for Production, to Defendants within **10 days** after the entry of this Order;

2. Plaintiffs are DIRECTED to produce Jeffrey Lautrup for deposition by Defendants on a mutually agreeable date no later than **November 30, 2015**. Plaintiffs shall provide Defendants with a list of available dates for the deposition within **7 days** after the entry of this Order;

3.  Plaintiffs are DIRECTED to produce employees Rochelle Ware and Richard Carillo for deposition by Defendants on mutually agreeable dates no later than **November 30, 2015**. Plaintiffs are further DIRECTED to produce employee Vicki Imamura at a mutually agreeable date consistent with any medical exigencies. Plaintiffs shall provide Defendants with a list of available dates for the depositions of Vicki Imamura, Rochelle Ware, and Richard Carillo within **7 days** after the entry of this Order;

4.  Plaintiffs are DIRECTED to appropriately designate a witness under Federal Rule of Civil Procedure 30(b)(6) in response to Defendants' Notice of Deposition of Travelers' Rule 30(b)(6) witness and provide a list of available dates for that witness's deposition within **7 days** after the entry of this Order. Any such deposition shall occur no later than **November 30, 2015**;

5.  Defendants' request for discovery sanctions under Federal Rule of Civil Procedure 37(d) is DENIED.

IT IS SO ORDERED.

Dated:   **October 2, 2015**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE